## In re LEASK et al.
## Patent Appeal No. 2692.

Court of Customs and Patent Appeals.
April 22, 1931.

Meyers & Jones, of New York City (Charles S. Jones, of New York City, of counsel), for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The invention involved in this appeal relates to a method and apparatus for burning finely divided fuel. All of the apparatus

claims and some of the method claims were allowed by the Patent Office. Method claims 1 to 4 were rejected, and it is from a decision of the Board of Appeals of the United States Patent Office affirming the decision of the Examiner as to these claims, that appeal is taken here.

Claim 1 is illustrative, and follows:

"1. The method of burning finely divided fuel which consists in delivering such fuel with carrier air to a burner tube, causing the fuel to travel in a spiral path in a general direction transverse to the line of feed toward one end of the tube, and discharging the fuel in a relatively thin stream around the periphery of the end of the tube into a combustion chamber."

The method consists of three steps enumerated in claim 1. Centrifugal force is set up in the burner, which causes the mass of fuel carrying air to travel spirally and hug the inner wall of the burner tube. A rotating column of secondary air, required for combustion, is also admitted within the interior of the spirally moving mass of fuel.

The claims were rejected upon the British patent to Peabody, No. 256,685, August 12, 1926, which relates to a method of burning pulverized fuel, and which method consists, according to the specification found in the record, "in forcing a body of air or other combustion-supporting gas with a whirling motion into a passage leading to a combustion chamber and injecting a mixture of pulverized fuel and air or other gaseous fluid into said rotating body of air, from a source outside said latter, at an angle to the axial direction of travel of said rotating body."

The method in the Peabody patent is carried out by an apparatus which is shown in the drawings. A fuel and carrier medium such as air is admitted through an inlet in the member specified and discharged into the throat opening along an annular outlet, including an inclined wall, "in a thin sheet with a rotary motion relative to the axis of the throat," as stated at record page 31, lines 67–74. The patent further states that: "Upon passing out of the annular outlet, this thin sheet of combustible material is mixed with a rotating column of air which is entering through the air register and passage formed by the wall 12 of the member 10."

The allowed method claims were drawn so as to provide for the admission of fuel and carrier air into the burner tube "tangentially to its inner wall." This feature of appellants' device was found to be new and not covered by the prior art. Appellants seem to argue

in this court that, because there was a rotary spiral movement of the fuel and air in Peabody, and also a rotary spiral motion in appellants' device, which in the latter device was occasioned, in part, by the tangentially placed opening, the Board, therefore, having allowed the claims providing for the "tangentially" placed opening, must have regarded the spiral movement as new. Appellants argue here that, if this is the case, then the claims in issue here, which omit the tangentially opening feature, should also be allowed.

It is sufficient to say that we agree with the finding of the Board that the tangentially placed opening feature is new and the spiral motion feature old. Since appellants' claims now under consideration leave out the tangentially placed opening feature and are confined to the spiral movement, appellants' contention is without merit, and the Board of Appeals correctly rejected the claims, and its decision is affirmed.

Affirmed.